IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 09-80420

CIV-MARRA

MAGISTRATE JUDGE
JOHNSON

BRIAN UPHOFF, Individually
and on behalf of all others similarly
situated,

    Plaintiff,

v.

WACHOVIA SECURITIES, LLC,
WACHOVIA SECURITIES
FINANCIAL NETWORK, LLC,
and WELLS FARGO &
COMPANY,

    Defendants.

CLASS ACTION
JURY TRIAL DEMANDED

## COMPLAINT – CLASS ACTION

Plaintiff Brian Uphoff files this Class Action Complaint ("Complaint") on behalf of himself and all persons similarly situated within the United States and the State of Florida.

### PARTIES – NATURE OF ACTION

1. Plaintiff Brian Uphoff is and has been at all times material to the allegations in this Complaint a resident of Sarasota County, Florida.

2. Class Members are those individuals who have been harmed, along with Plaintiff Brian Uphoff, by Defendants Wachovia Securities, LLC, Wachovia Securities Financial Network, LLC, and Wells Fargo & Company's (collectively the "Wachovia Securities Defendants") breach of an oral promise to pay retention bonuses to all of their financial advisors and brokers in order to retain their services and client base in the wake of the October 2008

announcement by Wachovia Securities, LLC and Wachovia Securities Financial Network, LLC that they would be purchased by Wells Fargo & Company. There are approximately 14,600 identifiable members of the Class who were employed as brokers and financial advisors by Wachovia Securities, LLC and/or Wachovia Securities Financial Network, LLC when they were promised the retention bonus. A significant number of Class Members are located in Palm Beach, Broward, and Miami-Dade Counties, and the Defendants have offices in and conduct substantial business in the Southern District of Florida.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. § 1332(d)(2), this Court has jurisdiction over the claims brought by the Plaintiff for the following reasons:

   a. Plaintiff Brian Uphoff is a resident of, and citizen of, the State of Florida.

   b. Wachovia Securities, LLC is a Delaware corporation with its headquarters in St. Louis, Missouri.

   c. Wachovia Securities Financial Network, LLC is a Delaware corporation with its headquarters in Richmond, Virginia.

   d. Wells Fargo & Company is a Delaware corporation with its headquarters in San Francisco, California.

   e. In addition, the amount in controversy in this matter is in excess of $5 million, exclusive of interest and costs, meeting the jurisdictional requirement set forth at 28 U.S.C. § 1332(d)(2).

   f. In determining whether the $5 million amount in controversy requirement of 28 U.S.C. § 1332(d)(2) is met, the claims of the putative class members are aggregated. 28 U.S.C. § 1332(d)(6).

  g. Plaintiff and the approximately 14,600 Class Members each anticipated a minimum $100,000.00 retention bonus based on industry practice and norms. Therefore, the aggregated damages from the Wachovia Securities Defendants' breach of their oral promise to pay each of their brokers and financial advisors a retention bonus substantially exceeds the $5 million amount in controversy requirement of 28 U.S.C. § 1332(d)(2).

4. This Court has original diversity jurisdiction in this case pursuant to 28 U.S.C. § 1332(d)(2) because the aggregate claims of the putative class members exceed $5 million, exclusive of interest and costs, and at least one plaintiff is diverse from at least one defendant.

## COMMON FACTUAL ALLEGATIONS

5. The Wachovia Securities Defendants are in the business of providing brokerage and financial services and investment advice to individual clients. The Wachovia Securities Defendants employ and/or otherwise retain the services of approximately 14,600 brokers and financial advisors throughout the United States to provide their various services and products to their clients.

6. The Wachovia Securities Defendants rely on the personal relationships fostered by their brokers and financial advisors with individual clients to retain the management of client assets and to profit from that management and the sale of securities and other investment instruments to those clients.

7. In September 2008 there were intimations that Wachovia Corporation and its affiliates, including Wachovia Securities, LLC, and Wachovia Securities Financial Network, LLC, would be sold to another financial institution. The Plaintiff and Class Members were led to

believe that the Wachovia entities would pay retention bonuses to induce their brokers/financial advisors — and thereby their clients — to stay with the Wachovia entities.

8. It is a brokerage/securities business standard practice to pay retention bonuses to current brokers and financial advisors when institutional sales and mergers are announced in order to reduce the attrition of established brokers and financial advisors who would otherwise be lured by bonus and compensation promises of competitors. The disruption in the ownership of a financial services institution presents a risk of broker and client asset flight, and a potential for "poaching" competitors to secure new clients and client assets.

9. The Wachovia Securities Defendants maintain an employee telephonic communication system allowing them to simultaneously communicate information and messages to all of their brokers and financial advisors.

10. In October 2008, Wachovia Securities, LLC, and Wachovia Securities Financial Network, LLC used this employee telephonic communication system to communicate the following information and make the following promises to all of their brokers and financial advisors:

   a. That it was probable that the Wachovia securities businesses would be sold to Wells Fargo & Company as part of Wells Fargo's overall purchase of Wachovia Corporation.

   b. That each and every broker and financial advisor who stayed with the Wachovia entities after the sale would receive a meaningful "retention bonus."

   c. That this retention bonus would be paid to the brokers and financial advisors in January 2009.

11. Retention bonuses (and competitor bonuses used to lure brokers/financial advisors away from their current institution) are generally calculated as a percentage of the individual broker/financial advisor's previous twelve months of earned commissions and fees from clients. These percentages range from a high of 100% or more, for an institution's "top producers," down to approximately 50%, of the earned commissions and fees for the previous twelve month period.

12. At the time of the Defendants' communication and promise to pay all of their brokers/financial advisors a retention bonus in October 2008, these brokers/financial advisors were worth significantly more to competitors because of the state of the financial markets in October 2008 as compared to the date of this filing. Thus, competitors were willing to pay substantially more to lure Defendants' brokers/financial advisors in October 2008 than they would be today. Moreover, in October 2008 each of the broker/financial advisors' previous twelve months of earned fees and commissions were substantially higher than the twelve month period preceding the date of the filing of this complaint.

13. Plaintiff and the Class of brokers/financial advisors at the Wachovia entities were approached by competitors in the Fall of 2008 who sought to employ them in order to obtain access to Wachovia's client base. However, Plaintiff, and those similarly situated, chose to rely on Defendants' promise to pay retention bonuses and remained within the Defendants' entities.

14. In doing so, Plaintiff and those similarly situated gave up lucrative potential bonuses from competitors in the Fall of 2008 because they relied on the promise that they would each receive retention bonuses from the Wachovia Securities Defendants in January 2009.

15. In January 2009 the promised retention bonuses were not paid. Nevertheless, the Wachovia Securities Defendants continued to promise their brokers/financial advisors that the retention bonuses would be paid in the near future.

16. On February 20, 2009, Defendants announced to all of their brokers/financial advisors, via their employee telephonic communications system, that no retention bonuses would be paid to any of their brokers/financial advisors, thus breaching their October 2008 promise.

17. The Wachovia Securities Defendants knew, at the time of their promise to pay retention bonuses, that certain competitors were anxious to "poach" brokers and their lucrative clients, and substantial client assets from Defendant,s and that the promise of retention bonuses would enable the Defendants to retain the services of the Plaintiff and Class Members.

18. As a result of the Wachovia Securities Defendants' breach of their promise to pay retention bonuses to their approximately 14,600 brokers and financial advisors, Defendants deprived Plaintiff and the Class of substantial monetary benefits, harming Plaintiff and all those similarly situated, while unjustly profiting from this conduct.

19. To the extent that an arbitration provision regarding compensation may exist in a January, 2001 employment agreement governing Plaintiff and Class Members, the "Remedies" section of that agreement allows Plaintiff, as initial complainant, to elect the arbitration rules of the National Association of Securities Dealers, Inc. (NASD). NASD has been succeeded by the Financial Industry Regulatory Authority (FINRA). Code 13024(a) of FINRA's Code of Arbitration Procedures for Industry Disputes states that "[c]lass action claims may not be arbitrated under the Code." Code 13024(d) further states that industry members and associated persons may not enforce an arbitration clause against another industry member or associated person unless and until a class has been denied certification, a class has been decertified, a

potential Class Member is excluded from the class, or a potential Class Member opts out of the class. Plaintiff in filing this Complaint elects the FINRA Code and seeks certification of a class, rendering any enforcement of an arbitration provision improper at this time.

## CLASS ACTION ALLEGATIONS

20. Pursuant to Fed.R.Civ.P. 23, the Class Plaintiff brings this action both individually and on behalf of all persons similarly situated. The Defendants both made their promise, and breached their promise to pay retention bonuses to all of their brokers and financial advisors in the same manner.

21. The Class is so numerous that joinder of all members is impracticable. All injuries sustained by any member of the Class arise out of the exact same breach of promise by Defendants to Plaintiff and all those similarly situated.

22. Common questions of law and fact exist as to the entire Class and predominate over any questions that may affect individual Class Members. The Defendants' conduct is generally applicable to the entire Class; Defendants' breach of their promise is the same as to approximately 14,600 Wachovia brokers/financial advisors.

23. The claims of the Class representative are typical of the claims of the Class in that Plaintiff suffered damages as a result of Defendants' breach of their oral promise to pay a retention bonus.

24. Plaintiff will fully and adequately represent and protect the interests of the entire Class because of the common injuries and interests of the Class Members and the singular conduct of Defendants as to all Class Members. Plaintiff has retained counsel competent and experienced in the prosecution of class action litigation. Plaintiff has no interest that is contrary to, or in conflict with, those of the Class he seeks to represent.

25. A class action is superior to all other available methods for fair and efficient adjudication of this controversy. There is no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

26. Class certification is also appropriate in this action because:

   a. Pursuant to Fed.R.Civ.P. 23(b)(1)(A), the prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications concerning the subject of this action, which adjudications could establish incompatible duties for Defendants under the law alleged herein.

   b. And/or, in seeking declaratory relief from Defendants' conduct alleged herein, pursuant to Fed.R.Civ.P. 23(b)(2), Defendants have refused to act on grounds that apply generally to the Class, such that declaratory relief would be appropriate to the Class as a whole.

   c. And/or, pursuant to Fed.R.Civ.P. 23(b)(3) the questions of law and fact common to all Class Members predominate over any questions that might arise as to an individual member, such that a Class Action is the superior, fair and efficient method of adjudicating this controversy where, as here, individual claims would be identical or nearly identical.

## FIRST CLAIM FOR CLASS RELIEF

## BREACH OF ORAL CONTRACT

27. Plaintiff incorporates by reference the allegations in Paragraphs 1-26 above as if set forth herein.

28. Under Florida and common law, Plaintiff and Defendants formed a valid oral contract when Defendants expressly promised to pay Plaintiff and Class Members a retention

bonus for remaining with the Wachovia entities during and after the sale to Wells Fargo, and Plaintiff and Class Members accepted the offer and promise by performing as required by the Defendants' offer.

29. Defendants made this offer/promise via a simultaneous official company communication to Plaintiff and his approximately 14,600 fellow Class Members.

30. Plaintiff and Class Members fully performed their contract obligations by remaining with the Wachovia entities after the sale to Wells Fargo, foregoing opportunities to move to a competitor.

31. Defendants have materially breached their oral contract with Plaintiff and Class Members by expressly announcing that they will not pay Plaintiff and Class Members the promised retention bonus they were entitled to by virtue of their performance.

32. As a result of Defendants' breach of the oral contract, Plaintiff and Class Members have suffered substantial damages including, but not limited to, an actual retention bonus of at least $100,000.00, and the loss of an opportunity to earn an even more substantial bonus from a competitor institution.

33. Plaintiff and Class Members seek a judicial declaration that Defendants have breached their oral contract with Plaintiff and Class Members, and also seek compensatory damages resulting from Defendants' breach. Plaintiff and Class Members further seek all relief allowed or deemed appropriate by this Court, including attorney fees and costs, for Defendants' improper breach of their contract with Plaintiff and Class Members.

CASE NO. _____

## SECOND CLAIM FOR CLASS RELIEF

## PROMISSORY ESTOPPEL

34. Plaintiff incorporates by reference the allegations in Paragraphs 1-26 above as if set forth herein.

35. Under Florida and the common law, Plaintiff and Class Members are entitled to relief under a claim of promissory estoppel because Plaintiff and Class Members detrimentally relied on Defendants' promise to pay a retention bonus in exchange for Plaintiff's and Class Members' action in remaining within the Wachovia entities. Plaintiff's and Class Members' detriment arises from the fact that Defendants will not now pay the promised retention bonus, and from the fact that Plaintiff and Class Members could have realized substantial financial gain by leaving the Wachovia entities for a competitor.

36. The Defendants reasonably should have expected that the promise of a retention bonus would cause Plaintiff and Class Members to act by remaining with the Wachovia entities and/or forbear offers from competitor institutions.

37. Plaintiff and Class Members did rely on the promise of the retention bonus in remaining with the Wachovia entities.

38. Relief to the Plaintiff and Class Members can now only be accomplished by compelling the Defendants to act according to their original promise and pay the retention bonus to Plaintiff and Class Members according to the original time frames of the promise.

## THIRD CLAIM FOR CLASS RELIEF

## UNJUST ENRICHMENT

39. Plaintiff incorporates by reference the allegations of Paragraphs 1-26 above as if set forth herein.

40. Under Florida and the common law, Defendants have been unjustly enriched by their conduct towards Plaintiff and Class Members. A party may not induce, accept or encourage another to furnish or render something of value to such party and avoid payment for the value received. As a result of the conduct described above, the Wachovia Securities Defendants have been and will continue to be unjustly enriched at the expense of the Plaintiff and Class Members.

41. Specifically, Defendants induced and encouraged Plaintiff and Class Members to remain with the Wachovia entities. By remaining with the Wachovia entities, Plaintiff and Class Members furnished value to the Defendants, i.e., their fee and revenue generating services, and their access to clients and client assets. Moreover, Defendants have improperly retained all of the bonus compensation owed to Plaintiff and Class Members. Thus, as a result of the Defendants' improper conduct, Defendants:

   a. Have been unjustly enriched by retaining at least $1 billion in cash in the form of compensatory bonuses it owes to their broker/financial advisors that is the property of their brokers/financial advisors; and

   b. Have been unjustly enriched by retaining clients and client assets by their improper conduct vis a vis their brokers/financial advisors, thereby ensuring a long-term flow of profits and fees it would not have otherwise been able to earn.

42. Defendants have not paid, and will not pay Plaintiff and Class Members for the value of the benefits they have conferred on Defendants.

43. Defendants, as the benefitted party, have an equitable duty to compensate Plaintiff and Class Members for the retention bonuses they have improperly retained and the profits and

11

CASE NO. _____

commissions they are improperly earning from clients and client assets they would not otherwise have retained after the sale to Wells Fargo.

**WHEREFORE,** Plaintiff Brian Uphoff and the Class Members request:

(1)    Certification of this matter as a class action;

(2)    A declaratory judgment that Defendants' breach of their oral promise to Plaintiff and Class Members constitutes a material breach of contract entered into with Plaintiff and Class Members;

(3)    Injunctive relief requiring that the Defendants honor the contracts;

(4)    An award of such damages as are authorized by law;

(5)    An award of all reasonable costs and attorneys' fees incurred by Plaintiff and Class Members;

(6)    Trial by jury of all matters; and

(7)    Such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

ALTERS BOLDT BROWN RASH
& CULMO, P.A.
Jeremy W. Alters, Esquire
Thomas A. Culmo, Esquire
Kimberly L. Boldt, Esquire
David C. Rash, Esquire
    -and-
Bruce S. Rogow, Esquire
    Special Counsel
    to Alters Boldt Brown Rash & Culmo, P.A.
4141 N.E. 2nd Avenue, Suite 201
Miami, Florida 33137
Tel: (305) 571-8550
Fax: (305) 571-8558

By: _____
David C. Rash
Florida Bar No. 977764

DATED this 13th day of March, 2009.

12

≋JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
BRIAN UPHOFF, Individually and on behalf of all other similarly situated,

(b) County of Residence of First Listed Plaintiff   **Sarasota**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

Jeremy A. Alters, Esq.
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 NE 2nd Avenue, Suite 201, Miami, FL 33137, (305) 571-8550

## DEFENDANTS
WACHOVIA SECURITIES, LLC, WACHOVIA SECURITIES FINANCIAL NETWORK, LLC, and WELLS FARGO &

County of Residence of First Listed Defendant   **Foreign**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

(d) Check County Where Action Arose:   ☐ MIAMI-DADE   ☐ MONROE   ☐ BROWARD   ☑ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

WPB 09cv 80420 - Marra/Johnson

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  |  |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) |  |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
|  |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO   b) Related Cases ☐ YES ☑ NO

JUDGE                                                 DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

28 USC 1332, Class Action Breach of Contract Between Parties

LENGTH OF TRIAL via   **5**   days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☑ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $ **In excess of:** 5,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☑ Yes   ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD                DATE   3/13/09

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT # 997069

03/13/09